IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

EDWARD TYRONE RIDLEY, :
:
      Petitioner :
:
      VS. :  NO. 5:07-CV-199 (HL)
:
ANDY SELLERS, WARDEN, :
:
      Respondent :
_____ : **O R D E R**

    *Pro se* petitioner **EDWARD TYRONE RIDLEY**, an inmate at the Central Probation Detention Center in Cadwell, Georgia, has filed the above-captioned 28 U.S.C. § 2254 habeas action. Petitioner is presently in custody for a 2006 probation revocation for his underlying May 2004 Crisp County, Georgia, conviction for theft by receiving stolen property. Petitioner has submitted a separate habeas petition attacking said conviction. *See Ridley v. Sellers*, 1:07-cv-72 (WLS) (M.D. Ga., filed Apr. 18, 2007).

    In this action, petitioner challenges his July 29, 1996, Bay County, Florida, three (3) year sentence for "sexual battery/injury not likely (attempted)." *See* www.dc.state.fl.us at "Inmate Release Information Detail," "Ridley, Edward T." The basis for said challenge is somewhat unclear. The Court notes that as a result of the Florida conviction, petitioner is on the Florida Department of Law Enforcement's "Florida Sexual Offenders and Predators" list. *See* www.offender.fdle.state.fl.us at "Offender Search," "Ridley, Edward T." As per this site,

petitioner is "released," which is to say he is "no longer under Florida Department of Corrections confinement, supervision or any other court imposed sanction."

District courts have jurisdiction to review 28 U.S.C. § 2254 petitions only from habeas petitioners who are "in custody under the judgment and sentence of a state court" at the time of filing. 28 U.S.C. § 2241(d); **Jackson v. Secretary for the Dept. of Corrections**, 206 Fed. Appx. 934 (11th Cir. 2006). A person who has fully served his sentence is not "in custody" pursuant to section 2241(d). *See* **Maleng v. Cook**, 490 U.S. 488, 490-01 (1989); *see also* **Lackawanna County Dist. Attorney v. Coss**, 532 U.S. 394, 401 (2001) ("[Petitioner] is no longer serving the sentences imposed pursuant to his [prior state] convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions.").

Because petitioner is no longer serving the sentence for his 1996 Florida conviction, he is not "in custody" pursuant to said judgment. Other courts considering a habeas petitioner being included on a sexual offender list have held that such status does not constitute being "in custody" for purposes of the habeas statutes. *See e.g.,* **Leslie v. Randle**, 296 F.3d 518, 522-23 (6th Cir. 2002) (dismissing habeas petition after concluding that Ohio's sex-offender statute does not place an offender "in custody" for purposes of section 2254); **McNab v. Kok**, 170 F.3d 1246, 1247 (9th Cir. 1999) (analyzing Oregon's sex offender law). Moreover, the more appropriate forum for petitioner to bring a habeas challenge to his Florida conviction is the Northern District of Florida. Such district is the judicial district where Bay County, Florida is located. *See* 28 U.S.C. § 89(a).

In light of the above, the instant action is **DISMISSED** for lack of jurisdiction.[1]

---

[1] Since filing his original petition on or about May 29, 2007, petitioner has filed three motions: (1) Motion for Writ of Mandamus (Tab # 4); (2) Motion to Produce Records (Tab # 5);

**SO ORDERED**, this 12th day of JUNE, 2007.

*s/    Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr

---

and (3) Motion for Discovery (Tab # 7).  The dismissal of petitioner's petition renders these motions moot.