IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| EDWARD TYRONE RIDLEY, | : | |
| --- | --- | --- |
| Petitioner | : | |
| VS. | : | NO. 5:07-CV-199 (HL) |
| ANDY SELLERS, WARDEN, | : | |
| Respondent | : | |
| | : | **O R D E R** |

Petitioner **EDWARD TYRONE RIDLEY** has filed a motion in which he asks this Court to reconsider its order dated June 12, 2007. The Court's June 12th order dismissed petitioner's habeas petition for lack of jurisdiction inasmuch as petitioner is no longer serving the sentence imposed as a result of his 1996 Florida conviction.

In his motion to reconsider, petitioner alleges that he is "in custody" pursuant to his 1996 Florida conviction. Although petitioner cites several Georgia cases, he fails to state why he believes he is "in custody" for purposes of 28 U.S.C. § 2254. The basis for petitioner's assertion is thus unclear, but he conceivably may be alleging that his 1996 Florida conviction enhanced his sentence under a subsequent conviction in Georgia.[1]

A challenge to a present sentence that was enhanced by an allegedly invalid prior conviction results in the petitioner being "in custody" for purposes of federal habeas jurisdiction. ***Maleng v.***

---

[1] As noted in the Court's June 12th order, petitioner has filed a separate habeas petition with respect to his current Georgia conviction. ***Ridley v. Sellers***, 1:07-cv-72 (WLS) (M.D. Ga. Filed Apr. 18, 2007).

*Cook*, 490 U.S. 488, 492 (1989). Unless a Sixth Amendment claim is made with respect to the prior conviction, however, such conviction being used to enhance the present sentence does not entitle the petitioner to challenge the prior conviction. *Jackson v. Secretary for Dep't of Corrections*, 206 Fed. Appx. 934, 936 (11th Cir. 2006) (citing *Daniels v. United States*, 532 U.S. 374, 382 (2001)). Thus, even if petitioner's sentence arising out of the Georgia conviction was enhanced as a result of his prior Florida conviction, petitioner cannot now challenge that earlier conviction.

In light of the above, petitioner's motion to reconsider is hereby **DENIED**.

**SO ORDERED**, this 29th day of JUNE, 2007.

                                                        *s/   Hugh Lawson*
                                                        HUGH LAWSON
                                                        UNITED STATES DISTRICT JUDGE

cr